## Abbee *v.* Higgins.

A motion supported by affidavit, is no part of the record unless made so by bill of exceptions.

Where it appears by the returns of the sheriff, that a writ was served in the manner provided by statute, it is good, even if it should appear that the defendant had been three months absent from his dwelling.

### *Error to Linn District Court.*

*Opinion by* Greene, J. Higgins sued Abbee in an action of assumpsit, on a promissory note. It appears by the sheriff's returns, that the defendant could not be found in the county; but that he left an attested copy of the writ "at the dwelling house or last place of residence of said defendant, in said county, with Mary Abbee the wife of said defendant, she being a person of the said defendant's family, upwards of fifteen years of age, and stated the contents thereof to said person." The defendant appeared specially by attorney, and filed a motion to dismiss the writ for the want of service, averring in the motion, that Abbee is not a resident of the county nor of the house described in the return, that he had been absent three months at least on an expedition to California, where he expected to remain two or three years. This motion was supported by the affidavit of defendant's attorney, and overruled by the court. The cause then came on for trial; the defendant failed to appear and judgment was rendered against him by default, for the balance due upon the note.

It is now objected, that the court below had no jurisdiction over the person of the defendant to justify the judgment. The record in the case shows no foundation for this objection. The motion made by defendant's counsel, is no part of the record. It is not made so by bill of exceptions or otherwise. The mere act of filing a motion in a case, is not sufficient to make it a part of the record.— It was held by *Cook* v. *Steuben Co. Bank,* 1 G. Greene

447, that a motion is no part of the record unless made so by bill of exceptions.

In this case, after securing the action of the court upon his motion, the attorney withdrew without taking any exception to the decision; thus creating the presumption, that he acquiesced in the decision, and having no further defense to the action, he suffered judgment to go by default.

But even if the motion was properly before us, we should not be able to disturb the judgment. The return of the sheriff shows, that the writ was properly served by leaving an attested copy at the dwelling house or last place of residence, and with the wife of defendant, stating the contents to her. The facts stated in this return are not controverted by the motion. If the defendant had been absent three months, if he had started to California with the intention of remaining there two or three years, but still had left his family, his home and his property in the county, it would not show an abandonment of his residence, nor affect the service of a writ, when it appears to have been made in the manner provided by statute.

Judgment affirmed.

*N. W. Isbell*, for plaintiff in error.

*Wm. Smyth*, for defendant.